UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SCOTT A. CATES, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 2:20-cv-00318-JMS-MJD |

**Order Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons discussed in this Order, Scott A. Cates' motion for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

### I. Legal Standard

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice" *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013).

## II. Factual Background

On February 26, 2013, a single-count indictment was filed, charging Mr. Cates with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See United States v. Cates,* 2:13-cr-005-JMS-CMM-1 ("Crim. Dkt."). More than a year later, Mr. Cates plead guilty to one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g). On April 30, 2014, the Court sentenced Mr. Cates to a term of 108 months imprisonment. Final Judgment was entered, and Mr. Cates did not file an appeal.

On June 19, 2020, Mr. Cates filed a motion to vacate his sentence under § 2255. On September 17, 2020, Mr. Cates' counsel asked to withdraw her appearance and the Court granted her that request. Notwithstanding counsel's withdrawal from the case, Mr. Cates maintains that pursuant to *Rehaif v. United Sates*, 139 S. Ct. 2191 (2019), he is actually innocent of the offense of conviction, because he did not know he was barred from possessing of a firearm. The United States responded, and Mr. Cates did not file a reply.

## III. Discussion

Mr. Cates argues that, in light of *Rehaif*, his plea must be vacated because he was not advised of a key element of his offense. Specifically, Mr. Cates argues that he was not informed that knowledge of his prohibited status under § 922(g) was an element of his offense, and the failure to advise him of this element renders his plea constitutionally ineffective, since it was not intelligently and voluntarily made. The United States contends that Mr. Cates has procedurally defaulted this claim and that, notwithstanding default, Mr. Cates is not entitled to relief because he cannot establish a reasonable doubt that he was unaware of his status as a convicted felon.

In *Rehaif*, the Supreme Court held that:

> [I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he

2

> belonged to the relevant category of persons barred from possessing a firearm. We express no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here.

*Rehaif*, 139 S. Ct. at 2200. In other words, under *Rehaif*, the United States' burden includes proving beyond a reasonable doubt that Mr. Cates knew, at the time of the offense, he had "been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1); *see also United States v. Maez*, 960 F.3d 949, 955 (7th Cir. 2020) ("[I]gnorance of the statutory prohibition itself is not a defense."). However, when a defendant seeks to invalidate his guilty plea on the basis of a *Rehaif* error, "the burden of persuasion rests on the defendant." *United States v. Williams*, 946 F.3d 968, 973 (7th Cir. 2020). "To meet this burden, a defendant must show a reasonable probability that he would not have pleaded guilty if he knew of *Rehaif*." *Id.*

Mr. Cates has not shown a reasonable probability that he would not have pleaded guilty. Mr. Cates has a significant criminal history. Notably, his criminal history includes prior offenses for being a felon in possession of a firearm. Crim. Dkt. 30, PSR ¶¶ 33, 37. In 1999, he was convicted in Illinois state court for unlawful possession of a weapon by a felon (serving over a year in prison), and, in 2003, he was convicted in the Southern District of Indiana with two counts of being a felon in possession of a firearm (serving over five years in prison). *Id.; see also United States v. Cates,* 3:03-cr-07-RLY-WGH-1 (Judgment entered September 2010). Someone who has served more than a year in prison "cannot plausibly argue that he did not know his conviction had a maximum punishment exceeding a year." *Williams*, 946 F.3d at 973. In light of Mr. Cates' criminal history, he cannot genuinely argue now that he would not have pleaded guilty had he known about the knowledge of status element discussed in *Rehaif*.

Because he cannot establish a reasonable probability that he would not have pleaded guilty, Mr. Cates is not entitled to habeas relief under § 2255.

### IV. Conclusion

For the reasons explained in this Order, Mr. Cates is not entitled to relief on his § 2255 motion. Accordingly, his motion for relief pursuant to § 2255 is **denied** and this action is **dismissed with prejudice**. Judgment consistent with this Order shall now issue and the clerk **shall docket a copy of this Order in 2:13-cr-005-JMS-CMM-1.** The motion to vacate, dkt. [47], shall also be **terminated** in the underlying criminal action.

### V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Cates has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.

Date: 11/1/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

SCOTT A. CATES
07243-028
RRM St. Louis
Residential Reentry Office
1222 Spruce St.
STE 6101
St. Louis, MO 63101

Todd Stanton Shellenbarger
UNITED STATES ATTORNEY'S OFFICE (Evansville)
Todd.Shellenbarger@usdoj.gov